MICHAEL A. TOPP, State Bar No. 148445
*michael.topp@clydeco.us*
JASON J. CHORLEY, State Bar No. 263225
*jason.chorley@clydeco.us*
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINSALE INSURANCE COMPANY, a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWINDS ESTATE WINERY LLC, a California limited liability company,<br><br>Defendant. | Case No.: 3:21-cv-05968<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

KINSALE INSURANCE COMPANY ("Kinsale") sues FAIRWINDS ESTATE WINERY LLC ("Fairwinds"), and alleges:

**NATURE OF ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 regarding coverage under an excess commercial property policy. More specifically, at issue is whether an insured can recover more than the amount set forth on a statement of values despite the policy specifically providing there can be no recovery exceeding the statement of values.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of

attorney's fees and costs.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Fairwinds resides in this district. Venue is also proper because a substantial part of the property at issue is situated in this district. 28 U.S.C. § 1391(b)(2).

4. All conditions precedent have occurred, been performed, or have been waived.

**THE PARTIES**

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is an eligible surplus lines insurer that issued an excess commercial property policy to Fairwinds.

6. Fairwinds is a limited liability company formed under Nevada law with its principal place of business in California. On information and belief, no member of Fairwinds is a citizen of either Arkansas or Virginia. Fairwinds seeks coverage under Kinsale's policy for a fire loss.

**COMMON ALLEGATIONS**

7. Fairwinds owns and operates a winery located at 4550 Silverado Trail North in Calistoga, California 94515.

8. The winery consists of, among other things, a main winery building, a tasting room, a tank building, and a cave.

9. Prior to Kinsale issuing the excess policy, Fairwinds provided a Statement of Values listing individual insurable values for certain categories of property at the winery. (Statement of Values attached as Exhibit 1.)

10. For the main winery building, the Statement of Values lists specific insurable values for the commercial building in the amount of $1,785,893, for the business personal property in the amount of 1,500,000, and or the outside equipment in the amount of $100,000. (Ex. 1.)

11. For the tasting room, the Statement of Values lists specific insurable values for the commercial building in the amount of $1,020,000 and for the business personal property in the amount of $100,000. (Ex. 1.)

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

12. Accordingly, pursuant to the specific Statement of Values, the total insurable value for the main winery building and tasting room is $4,505,893.

13. On or around September 28, 2020, a wildfire caused damage to a portion of the property at the winery. More specifically, the main winery building and tasting room sustained total losses.

14. Rebuilding the main winery building and tasting room will require significant excavation and foundation work.

15. Additionally, the tank building and cave sustained limited damage, which would cost less than $500,000 to repair.

16. Last, the fire also caused damage to the landscaping, roadways, Tesla chargers, underground utilities, irrigation and sprinkler system, pump house, irrigation control house, fencing, and signage (collectively, the "Miscellaneous Damage").

17. Following the fire, Fairwinds's primary commercial property insurer, Beazley Insurance Services ("Beazley"), paid Fairwinds $8,310,000 for the damage.

**THE KINSALE EXCESS POLICY**

18. Kinsale issued an excess property policy to Fairwinds and Fairwinds Estate, LLC, as the named insureds, bearing Policy No. 0100122758-0 and effective from August 1, 2020 to May 1, 2021 for the property scheduled on the Statement of Values. (Kinsale excess policy attached as Exhibit 2.)

19. The Kinsale excess policy provides coverage up to a limit of $2,060,831 per occurrence. (Ex. 2.)

20. The Kinsale excess policy is specifically excess of the Beazley policy, and it follows form and incorporates the terms and provisions of the Beazley policy, except to the extent they are inconsistent with the Kinsale excess policy. (Ex. 2.)

21. The Kinsale excess policy provides, in relevant part:

**EXCESS PROPERTY INSURANCE**

**(DIRECT PHYSICAL DAMAGE, FOLLOWING FORM)**

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**A. INSURING AGREEMENT:**

1. The Company will indemnify the Insured for our share, as shown in Item 1. Of the Declarations Page of this Policy, of the Ultimate Net Loss caused by the direct physical loss or damage to Covered Property in excess of the Primary and Underlying Excess Insurance as shown in the Schedule of Underlying Insurance of this Policy, occurring during the policy period. This agreement is subject to the following terms, conditions, and any endorsements to this Policy. …

3. **Attachment of Liability**:

It is expressly agreed that our liability under this Policy shall attach to the Company only after the Primary and Underlying Excess Insurer(s) have paid or have been held liable to pay the full amount of their respective Ultimate Net Loss.

**B. LIMIT OF LIABILITY:**

Provided always that the liability of the Company applies only after the Primary Insurer(s) and Underlying Excess Insurers have agreed to pay the full amount of their respective Ultimate Net Loss, then the Company shall be liable to pay our share of the Ultimate Net Loss up to the full amount of the Limit of Liability as specified in Item 1. Of the Declarations Page of this Policy. The maximum recovery in any one occurrence for any coverage subject to a sub limit shall be that sub limit provided by the Primary and/or Underlying Excess Insurance. The inclusion of more than one Insured shall not operate to increase the Company's Limit of Liability. …

**H. DEFINITIONS:**

1. Ultimate Net Loss shall mean the actual loss sustained by the Insured as a direct physical result of the peril(s) insured against by the policy(ies) of the Primary and/or Underlying Excess Insurer(s) limited by:

   a. Any sub limits contained within this Policy or the Policy(ies) of the Primary and/or Underlying Excess Insurer(s), and

   b. Making deductions for any salvage and recoveries from any source other than this Policy and the policy(ies) of the Primary and/or Underlying Excess Insurer(s). …

3. Covered Property shall mean that property that is insured and not excluded in the Primary and Underlying Excess Insurance as shown in the Schedule of Underlying Insurance of this Policy. …

**OCCURRENCE LIMIT OF LIABILITY ENDORSEMENT** …

2. The Premium for this Policy is based upon the Statement of Values, on file with the Company, or attached to this Policy. In the event of loss under this Policy, liability of the Company shall be limited to the least of the following:

a. The actual adjusted amount of loss, less applicable deductible(s).

b. An amount no greater than 100% of the individually stated value for the property, involved, as shown on the Statement of Values, on file with the Company, less applicable deductible(s).

c. The Limit of Liability as specified in Item 1. Of the Declarations Page.

(Ex. 2.)

**THE BEAZLEY PRIMARY POLICY**

22. Beazley issued a commercial property policy to Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC, as the named insureds, bearing Policy No. W26FBF200201 and effective from May 1, 2020 to May 1, 2021. (Beazley primary policy attached as Exhibit 3.)

23. The Beazley primary policy affords certain property coverage up to a limit of $8,310,000 per occurrence for the property scheduled on the statement of values. (Ex. 3.)

24. The Beazley primary policy provides, in pertinent part:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM** …

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this Section **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property. …

**2. Property Not Covered**

Covered Property does not include: …

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**d.** Bridges, roadways, walks, patios or other paved surfaces; …

**f.** The cost of excavations, grading, backfilling or filling;

**g.** Foundations of buildings, structures, machinery or boilers if their foundations are below:

**(1)** The lowest basement floor; or

**(2)** The surface of the ground, if there is no basement;

**h.** Land (including land on which the property is located), water, growing crops or lawns; …

**m.** Underground pipes, flues or drains; …

**q.** The following property while outside of buildings:

**(1)** Grain, hay, straw or other crops;

**(2)** Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings); trees, shrubs or plans (other than "stock" of trees, shrubs or plants), all except as provided in the Coverage Extensions. …

(Ex. 3.)

**FIRST CAUSE OF ACTION – DECLARATORY RELIEF**

**[No Coverage Because Kinsale Excess Layer Was Never Implicated]**

25. Kinsale incorporates paragraphs 1 through 24.

26. The Kinsale excess policy provides Kinsale will only pay its share of the "Ultimate Net Loss" caused by direct physical loss or damage to covered property in excess of the Beazley primary policy.

27. The Kinsale excess policy defines "Ultimate Net Loss" as the actual loss sustained by Fairwinds limited by, among other things, any sub limits contained in the Kinsale excess policy.

28. In the Occurrence Limit of Liability Endorsement, the Kinsale excess policy provides Kinsale's liability "shall be limited to … [a]n amount no greater than 100% of the individually stated value for the property, involved, as shown on the Statement of Values, on file

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

with the Company."

29. The Statement of Values specifically identifies the total insurable value for the main winery building and tasting room is $4,505,893.

30. Beazley paid Fairwinds $8,310,000, which is an amount well above the total insurable value for the main winery building and tasting room per the individual categories of property listed in the Statement of Values.

31. Even including damage to the tank building and cave, Fairwinds's Ultimate Net Loss does not exceed the Beazley primary policy's limit of liability.

32. Accordingly, the Kinsale excess policy has not been implicated by this loss, and there is no coverage.

**SECOND CAUSE OF ACTION – DECLARATORY RELIEF**

**[No Coverage For Miscellaneous Damage]**

33. Kinsale incorporates paragraphs 1 through 24.

34. Even if the Kinsale excess policy responded to this loss, it only applies to property that is specifically scheduled in the Statement of Values.

35. The Beazley primary policy provides that covered property does not include, among others, roadways, land, lawns, underground pipes, flues, or drains, fences, signs, trees, shrubs, and plants.

36. The Miscellaneous Damage constitutes damage that is either not scheduled on the Statement of Values, excepted from coverage by the terms of the Beazley primary policy, or both.

37. As a result, there is no coverage for the Miscellaneous Damage.

**THIRD CAUSE OF ACTION – DECLARATORY RELIEF**

**[No Coverage For Excavation And Foundation Work]**

38. Kinsale incorporates paragraphs 1 through 24.

39. Even if the Kinsale excess policy responded to this loss, the Beazley primary policy provides that covered property does not include the cost of excavations, grading, backfilling, or filling.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

40. The Beazley primary policy further provides that covered property does not include foundations of buildings, structures, machinery, and boilers below either the basement floor or the surface of the ground.

41. Accordingly, there is no coverage for the excavation or foundation work necessary for the rebuild or repair of the damaged property at the winery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Kinsale respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Kinsale excess policy;

b. Declare there is no coverage and Kinsale has no obligation to make any payment to Fairwinds because the Kinsale excess policy has not been implicated;

c. In the event the Kinsale excess policy is deemed to respond, declare there is no coverage and Kinsale has no obligation to make any payment to Fairwinds for the Miscellaneous Damage or any excavation and foundation work;

d. Award Kinsale all costs it incurs to prosecute this action; and

e. All such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted.

Dated: August 2, 2021

CLYDE & CO US LLP

By: */s/ Jason J. Chorley*
Michael A. Topp
Jason J. Chorley
Attorneys for Plaintiff
KINSALE INSURANCE COMPANY