SHARTSIS FRIESE LLP
ANTHONY B. LEUIN (Bar #95639)
aleuin@sflaw.com
FELICIA A. DRAPER (Bar #242668)
fdraper@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111-3598
Telephone:	(415) 421-6500
Facsimile:	(415) 421-2922

Attorneys for Defendant
FAIRWINDS ESTATE WINERY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, a Virginia corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>FAIRWINDS ESTATE WINERY, LLC, a California limited liability company,<br><br>            Defendant. | Case No. 3:21-cv-05968-WHO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:	October 27, 2021<br>Time:	2:00 p.m.<br>Courtroom:	2<br>Judge:	Hon. William H. Orrick<br><br>Complaint Filed:	August 2, 2021 |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS ........................................................................... 1

ISSUES TO BE DECIDED ............................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FAIRWINDS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS .......... 2

    I.    INTRODUCTION ................................................................................................. 2

    II.    FACTUAL BACKGROUND ............................................................................... 3

        A.    State Action Allegations Regarding The Parties And The Policies .......... 3

        B.    The Litigation .............................................................................................. 5

    III.    ARGUMENT ......................................................................................................... 5

        A.    The Court Should Exercise Its Discretion Under The Declaratory Judgment Act To Dismiss This Action ...................................................... 5

            1.    Dismissing this action will avoid needless determination of state law issues. ................................................................................... 7

                a.    The State Action is an ongoing "parallel" state proceeding. ............................................................................ 7

                b.    This suit potentially raises an unsettled issue of state law. ........................................................................................... 8

                c.    This Federal Court has no strong interest in hearing this action at this time. ....................................................... 8

            2.    A dismissal will discourage forum shopping. ................................ 9

            3.    A dismissal will avoid duplicative litigation. ............................... 10

        B.    The *Dizol* Factors Also Favor A Dismissal Of Proceedings .................... 10

            1.    Proceeding here would not settle all aspects of the controversy. ..................................................................................... 10

            2.    This declaratory action will not clarify the legal relations at issue ............................................................................................ 11

            3.    This action was initiated for purposes of procedural fencing. ......................................................................................... 11

            4.    Dismissal is necessary to avoid excessive entanglement ............. 11

            5.    Matters of convenience weigh in favor of dismissal. ................... 11

    IV.    CONCLUSION .................................................................................................... 12

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- i -

Case No.
3:21-cv-05968-WHO

DEFENDANT'S NTC OF MTN & MTN TO DISMISS/STAY PROCEEDINGS; MPA ISO MTN

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Allstate Ins. Co. v. Davis*,
    430 F. Supp. 2d 1112 (D. Haw. 2006) ................................................................................... 8

*Am. Cas. Co. of Reading, Pa. v. Krieger*,
    181 F.3d 1113 (9th Cir. 1999) ............................................................................................... 9

*American Nat'l Fire Ins. Co. v. Hungerford*,
    53 F.3d 1012 (9th Cir. 1995) ................................................................................................. 9

*Atain Specialty Ins. Co. v. Slocum*,
    2019 U.S. Dist. LEXIS 218433 (E.D. Cal. Dec. 18, 2019) .................................................... 8

*Bituminous Cas. Corp. v. Kerr Contractors, Inc.*,
    2010 U.S. Dist. LEXIS 62616 (D. Or. Jun. 22, 2010) .......................................................... 11

*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491 (1942) ....................................................................................................... *passim*

*Chamberlain v. Allstate Ins. Co.*,
    931 F.2d 1361 (9th Cir. 1991) ........................................................................................ 6, 11

*Continental Cas. Co. v. Robsac Indus.*,
    947 F.2d 1367 (9th Cir. 1991) ............................................................................................ 7, 9

*Employers Reinsurance Corp. v. Karussos*,
    65 F.3d 796 (9th Cir. 1995) ................................................................................................... 8

*Golden Eagle Ins. Co. v. Travelers Cos.*,
    103 F.3d 750 (9th Cir. 1996) ................................................................................................. 7

*Gov't Employees Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) ....................................................................................... *passim*

*Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*,
    2016 U.S. Dist. LEXIS 173025 (N.D. Cal. Dec. 14, 2016) ................................................. 12

*Huth v. Hartford Ins. Co.*,
    298 F.3d 800 (9th Cir. 2002) ................................................................................................. 6

*N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co.*,
    2008 U.S. Dist. LEXIS 1714 (W.D. Wash. Jan. 3, 2008) ...................................................... 7

*National Chiropractic Mut. Ins. Co. v. Doe*,
    23 F. Supp. 2d 1109 (D. Alaska 1998) ................................................................................ 11

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

*OneBeacon Ins. Co. v. Parker*,
    2009 U.S. Dist. LEXIS 88043 (E.D. Cal. Sep. 9, 2009) ........................................................10

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ..................................................................................................6

*State Farm Fire & Cas. Co. v. Meridian Indus. Corp.*,
    1995 U.S. Dist. LEXIS 16500 (N.D. Cal. Oct. 31, 1995) .......................................................7

*TIG Ins. Co. v. Haseko Homes, Inc.*,
    2011 U.S. Dist. LEXIS 8084 (D. Haw. Jan. 26, 2011) .........................................................11

*Travelers Indem. Co. v. Newlin*,
    2020 U.S. Dist. LEXIS 167738 (S.D. Cal. Sep. 14, 2020) ....................................... 6, 7, 9, 10

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ................................................................................................................6

**FEDERAL STATUTES**

Declaratory Judgment Act, 28 U.S.C. § 2201 ................................................................... *passim*

McCarran-Ferguson Act, 15 U.S.C. § 1012(a) ..............................................................................8

# **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 27, 2021, at 2:00 p.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Fairwinds Estate Winery, LLC ("Fairwinds") will and hereby does request the Court to issue an Order dismissing this action or, in the alternative, staying all proceedings in this insurance coverage action pending resolution of a parallel insurance coverage case involving all interested parties in the Napa County Superior Court (the "State Action").

Fairwinds' Motion To Dismiss Or, In The Alternative, Stay Proceedings ("Motion") is made on the ground that a dismissal or, in the alternative, stay is warranted under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 and the Court's broad discretion and relevant case authorities thereunder, *e.g.*, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) ("*Brillhart*") and *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) ("*Dizol*").

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and Declaration of Felicia Draper, filed concurrently herewith, on the other pleadings and papers filed herein, on such arguments of counsel as may be permitted, and on such other matters as the Court may deem proper and appropriate.

# **ISSUES TO BE DECIDED**

Is a dismissal or, in the alternative, a stay of this action warranted under the Declaratory Judgment Act? Namely, do the following factors, as set forth in *Brillhart* and *Dizol*, weigh against this Court's exercise of its purely discretionary jurisdiction under the DJA and in favor of "abstention" (dismissal or stay) of this DJA suit?

1. Will dismissing or, in the alternative, staying this action avoid needless determination of state law issues; *i.e.*, is the State Action an ongoing "parallel proceeding," does this action present an unsettled issue of state law, and/or does

- 1 -

this Court have a strong interest in hearing this insurance coverage action now?

2. Will dismissing or, in the alternative, staying this action discourage forum shopping?

3. Will dismissing or, in the alternative, staying this action avoid duplicative litigation?

4. Will this action settle all aspects of the controversy?

5. Will this action clarify all of the legal relations at issue?

6. Was this action initiated for the purposes of procedural fencing?

7. Will this action result in entanglement between the federal and state courts?

8. Do other matters of convenience weigh in favor of a dismissal or, in the alternative, a stay?

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FAIRWINDS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

Defendant Fairwinds Estate Winery, LLC ("Fairwinds") moves to dismiss this insurance coverage action filed by Plaintiff Kinsale Insurance Company ("Kinsale") or, in the alternative, stay this action pending resolution of a parallel insurance coverage case in California state court.

I. **INTRODUCTION**

This action, like the parallel State Action discussed *infra*, involves a property insurance claim arising from the devastating "Glass Fire" in 2020. The Glass Fire destroyed Fairwinds' winery in Calistoga, Napa County, California. Fairwinds was insured for its losses by an underlying insurance policy issued by Beazley Insurance Services ("Beazley") and an excess insurance policy issued by Kinsale. Beazley honored its obligation under its policy, and paid to Fairwinds the policy limit following Fairwinds' presentation of its claim for damages caused by the fire. Kinsale did not honor its obligation under the excess insurance policy it issued to Fairwinds. Instead, after delaying its decision for nearly a year, Kinsale informed Fairwinds that it would not pay any amount under the excess policy it issued. Despite the fact that Fairwinds specifically purchased this excess coverage as "blanket" coverage in excess of its underlying policy with Beazley, Kinsale contends that the excess policy did not offer blanket coverage at all,

but rather coverage was limited to the amounts stated in a "Statement of Values." After denying coverage and receiving an express threat of legal action by its insured, Kinsale preemptively "raced to the courthouse" and filed this declaratory relief action.

Fairwinds separately filed the State Action in Napa County Superior Court, seeking contractual and extra-contractual damages from Kinsale and setting forth an alternative cause of action against Fairwinds' insurance brokers. Fairwinds respectfully requests that this Court decline to exercise its purely discretionary jurisdiction under the DJA and dismiss this action or, in the alternative, stay this action pending resolution of the State Action. *Each* of the *Brillhart* and *Dizol* factors weighs strongly in favor of dismissal.

## II.   FACTUAL BACKGROUND

### A.   State Action Allegations Regarding The Parties And The Policies

Fairwinds owns and (until it suffered the devastating consequences of the Glass Fire in September 2020) operated, a winery in Calistoga, Napa County, California (the "Winery"). *See* Declaration of Felicia Draper ("Draper Decl."), filed herewith, Ex. A (the State Action Complaint) at ¶¶ 22-23. Fairwinds' Winery is comprised of, among other things: a main building that contains a tank and barrel storage room, bottling line, offices, and other facilities (the "Main Building"); a building that contains fermentation and storage tanks (the "Tank Building"); an underground cave system for barrel storage and hospitality activities (the "Caves"); and a tasting room (the "Tasting Room"). *Id*., ¶ 22.

On or about September 27, 2020, the Glass Fire ignited in the vicinity of Napa and Sonoma Counties, California. *Id*., ¶ 23. Within days, the Glass Fire had consumed a large portion of the Winery, causing significant damage. *Id*. The Main Building and Tasting Room were total losses. The Cave, Tank Building, landscaping, roadways, walkways, irrigation, equipment, and other miscellaneous items suffered significant additional damage. *Id*.

Fairwinds was insured for these losses by two separate insurance policies. First, Fairwinds was insured by a primary commercial property insurance policy issued by Beazley (the "Underlying Policy"). Draper Decl., Ex. A at ¶ 24. Fairwinds obtained the Underlying Policy through the services of Malloy, Imrie & Vasconi Insurance Services, LLC (the "Broker"),

an insurance broker in Napa County. *Id.*, ¶ 20, 24. The Underlying Policy offered coverage for designated buildings, personal property, and equipment, up to a coverage limit of $8,310,000 per occurrence. *Id.*, ¶ 25.

The second of Fairwinds' policies was an excess property insurance policy issued by Kinsale (the "Excess Policy"). *Id.*, ¶ 26. The Excess Policy is specifically in excess to the Underlying Policy and provides additional coverage in excess of $8,310,000, up to an additional $2,060,831 per occurrence. *Id.*, ¶ 27. Fairwinds also obtained the Excess Policy through the services of the Broker, at the request of Fairwinds' lender. *Id.*, ¶ 28-30.

Fairwinds, through the Broker, promptly submitted a claim to Beazley on the Underlying Policy for damages to covered property caused by the Glass Fire. Draper Decl., Ex. A at ¶ 31. Beazley ultimately paid Fairwinds the Underlying Policy's policy limit of $8,310,000. *Id.*, ¶ 32.

Fairwinds also submitted a timely claim to Kinsale on the Excess Policy, also through the Broker. *Id.*, ¶ 33. More than nine months after the fire, Kinsale finally informed Fairwinds, on or about July 7, 2021, that it was denying coverage. *Id.*, ¶ 34. Kinsale asserted that the Excess Policy it provided, by reference to a Statement of Values, effectively created sub-limits for coverage for individual categories of property. *Id.* Although Fairwinds clearly informed the Broker of its lender's requirement of higher policy limits, and although Fairwinds believes the Broker clearly expressed to Kinsale the goal of the increased limits—blanket coverage in excess of $10,000,000—Kinsale asserted otherwise. Notwithstanding its total failure to disclose that the Excess Policy it sold issued was in its view so limited—to the point that the excess limits under its interpretation were effectively illusory—Kinsale argued that the Statement of Values provides independent sub-limits for the Main Building and Tasting Room; that Beazley paid an amount above that total value (*i.e.*, the full $8,310,000 coverage under the Underlying Policy); and that the Excess Policy is not implicated and there is no coverage. *Id*. That same day, Fairwinds' COO told Kinsale's claims examiner that Kinsale had been avoiding Fairwinds' inquiries for months in an effort to delay "inevitable litigation" that would ensue. Draper Decl., Ex. B.

//

//

- 4 -

Case No.
3:21-cv-05968-WHO

DEFENDANT'S NTC OF MTN & MTN TO DISMISS/STAY PROCEEDINGS; MPA ISO MTN

### B. The Litigation

Just weeks after Fairwinds' COO shared his perception that litigation was "inevitable" given Kinsale's denial of coverage, Kinsale went forum shopping, commencing this lawsuit against its insured. Kinsale pleads three causes of action for declaratory relief, seeking declarations to the effect that (1) Kinsale has no obligation to make any payment to Fairwinds because the Excess Policy has not been implicated; (2) even if the Excess Policy is implicated, Kinsale has no obligation to make any payment to Fairwinds because the damage suffered is not scheduled on the Statement of Values; or (3) the loss was not covered under the Underlying Policy.

Meanwhile, on September 9, 2021, Fairwinds[1] initiated a lawsuit in Napa County Superior Court, alleging claims against Kinsale and also naming as defendants the Broker, CRC Insurance Services, LLC, and CRC Commercial Solutions[2]—*Fairwinds Estate Winery, LLC, et al. v. Kinsale Ins. Co., et al.*, Case No. 21-cv-001288 (the "State Action"). *Id.*, Ex. A. The State Action asserts breach of contract, breach of the covenant of good faith and fair dealing, declaratory relief, unfair competition, concealment, and reformation claims against Kinsale, and a claim for professional negligence against the Broker and the Producers. *Id.* In addition to damages, Fairwinds seeks a declaration of its rights and obligations under the Excess Policy. *Id.* All of these claims are based on the same factual circumstances as the instant lawsuit. *Id.*

### III. ARGUMENT

#### A. The Court Should Exercise Its Discretion Under The Declaratory Judgment Act To Dismiss This Action

A dismissal of this action is appropriate in light of the discretionary nature of the DJA, which gives a district court "unique and substantial discretion" to decline to exercise jurisdiction

---

[1] In addition to Fairwinds Estate Winery, LLC, Fairwinds Estate, LLC is also a Plaintiff in the State Action. *See* Draper Decl., Ex. A. Fairwinds Estate Winery is the owner of the real property on which the Winery conducts its business; Fairwinds Estate is the actual owner/operator of the Winery. Fairwinds Estate Winery, LLC and Fairwinds Estate, LLC are affiliated in that they share a common managing member, Fairwinds Holdings, LLC.

[2] The CRC entities (collectively, the "Producers") apparently were engaged by Broker and were identified as "Producers" on the Underlying Policy and Excess Policy.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

to issue a declaratory judgment.³ *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). There is no requirement that a district court exercise its jurisdiction, and whether to do so (or whether to stay or dismiss a declaratory judgment action) is left to the sound discretion of the district court. *Brillhart*, 316 U.S. at 494; *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 803 (9th Cir. 2002). In doing so, the court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Travelers Indem. Co. v. Newlin*, 2020 U.S. Dist. LEXIS 167738, *23 (S.D. Cal. Sep. 14, 2020) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (overruled in part on other grounds) ). In deciding whether to exercise jurisdiction under the DJA, a district court should: 1) avoid needless determination of state law issues; 2) discourage litigants from filing declaratory relief actions as a means of forum shopping; and 3) avoid duplicative litigation. *Brillhart*, 316 U.S. 491. These *Brillhart* factors "remain the philosophic touchstone" for such an analysis. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). In addition to these "*Brillhart*" factors, courts also assess additional "*Dizol*" considerations. Thus, where appropriate, district courts consider, among other factors:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; [] whether the use of a declaratory action will result in entanglement between the federal and state court systems … [and] the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5.

A party seeking a dismissal or stay need not demonstrate "exceptional circumstances," and federal courts regularly decline to hear declaratory judgment actions concerning insurance coverage questions where, as here, the parties and issues overlap. *See, e.g.*, *Huth*, 298 F.3d at 803-804. The *Brillhart* and *Dizol* factors strongly support a dismissal or, in the alternative, stay of this declaratory relief action pending resolution of the State Action.

---

³ The DJA itself provides in relevant part: "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought …." 28 U.S.C. § 2201 (emphasis added).

### 1. Dismissing this action will avoid needless determination of state law issues.

Dismissing this action will satisfy the first *Brilhart* factor by avoiding a "needless determination of state law," which may include an ongoing parallel state proceeding, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest, such as a diversity action. *Continental Cas. Co. v. Robsac Indus.* ("*Robsac*"), 947 F.2d 1367, 1371 (9th Cir. 1991) (overruled on other grounds by *Dizol*).

### a. The State Action is an ongoing "parallel" state proceeding.

"If there are parallel state proceedings … there is a presumption that the entire suit should be heard in state court." *Travelers Indem.*, 2020 U.S. Dist. LEXIS 167738, at *25-26 (citing *Dizol*, 133 F.3d at 1225). A state proceeding is "parallel" to a federal declaratory relief action when: 1) the actions arise from the same factual circumstances; 2) there are overlapping factual questions in the actions; or 3) the same issues are addressed by both actions. *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (overruled in part on other grounds by *Dizol*). "Parallel" actions are considered liberally, and underlying state actions need not involve the same parties or even the same issues to be considered "parallel;" it is enough that the state proceedings "arise from the same factual circumstances." *Id.* at 754-55. The "parallel" action threshold is satisfied when the insurer seeks a coverage determination in the federal court, and the policyholder seeks an opposite coverage determination in the state court. *E.g.*, *N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 1714, at *11-12 (W.D. Wash. Jan. 3, 2008); *State Farm Fire & Cas. Co. v. Meridian Indus. Corp.*, 1995 U.S. Dist. LEXIS 16500, at *10 (N.D. Cal. Oct. 31, 1995).

Here, the State Action is "parallel" in two respects. First, it seeks an opposite coverage determination from that which Kinsale seeks here, and both arise from the same set of factual circumstances. *See N. Pac. Seafoods*, 2008 U.S. Dist. LEXIS 1714, at *11-12. Second, the State Action will adjudicate the consequences of the issues raised here: the nature and extent of damages that flow from Kinsale's denial of coverage under the Excess Policy. Since the State Action will resolve Kinsale's coverage responsibility, the State Action is clearly "parallel" and,

based on this factor alone, dismissal is warranted.

                **b.**    **This suit potentially raises an unsettled issue of state law.**

Abstention also is appropriate where state law is unclear and there is no strong federal interest in the matter. *Atain Specialty Ins. Co. v. Slocum*, 2019 U.S. Dist. LEXIS 218433, at *17-18 (E.D. Cal. Dec. 18, 2019) (declining to recognize jurisdiction under the DJA where the case would require unsettled issue of state law concerning insurance coverage); *Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (absent strong countervailing federal interest, federal court "should not elbow its way … to render what may be an 'uncertain' and 'ephemeral' interpretation of state law"). Fairwinds contends that existing state law prohibits creation or enforcement of sub-limits on coverage that are not "conspicuous, plain and clear" and that Kinsale's suit is without merit on this basis, among numerous others. But Fairwinds has not located any California case authority squarely addressing whether an excess insurer can effectively impose sub-limits on coverage for different categories of property by resort to a vaguely worded "Statement of Values," let alone where all discussion to obtain that policy was in the context of "blanket coverage" limit. Kinsale's aggressive overreach in this regard potentially raises an unsettled issue of state law, and thus favors a dismissal here in favor of resolution by California's state courts.

                **c.**    **This Federal Court has no strong interest in hearing this action at this time.**

There is no compelling reason for this Court to entertain this coverage action, least of all at this time. Insurance coverage matters are properly left to the states under the McCarran-Ferguson Act, 15 U.S.C. § 1012(a).[4] States "have a free hand in regulating the dealings between insurers and their policyholders." *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 799 (9th Cir. 1995) (overruled in part on other grounds by *Dizol*); *Dizol*, 133 F.3d at 1232 (because insurance industry is "wholly state regulated," federal interest is "minimal"). Where as here the

---

[4] 15 U.S.C. § 1012(a) provides: "The business of insurance, and every person engaged therein, shall be subject to the laws of the several states which relate to the regulation or taxation of such business."

- 8 -

sole basis of federal jurisdiction is diversity, the federal interest is "at its nadir." *Robsac*, 947 F.2d at 1371. Federal courts should "'decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court' unless there are 'circumstances present to warrant an exception to that rule.'" *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1019 (9th Cir. 1995) (overruled in part on other grounds by *Dizol*). This action presents no such exceptional circumstances, strongly supporting dismissal under *Brillhart*.

### 2. A dismissal will discourage forum shopping.

The second *Brillhart* factor favors "discouraging an insurer from forum shopping." *Travelers Indem.*, 2020 U.S. Dist. LEXIS 167738, at *26-27 (quoting *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999)). Federal courts have a duty to discourage forum shopping and decline to entertain "reactive declaratory actions." *Dizol*, 133 F.3d at 1225.

> Reactive litigation can occur in response to a claim an insurance carrier believes to be not subject to coverage even though the claimant has not yet filed his state court action: the insurer may anticipate that its insured intends to file a non-removable state court action, and rush to file a federal action before the insured does…. Permitting [a reactive lawsuit] to go forward when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the second *Brillhart* principle.

*Robsac*, 947 F.2d at 1372-1373.

In *Travelers Indem.*, Travelers filed suit in federal court after learning it could be facing state court claims for breach of contract and bad faith from its insured, as well as additional subrogation and contribution claims by another insurer. 2020 U.S. Dist. LEXIS 167738, at *34 Facing a motion to dismiss under the DJA, Travelers argued it could not be found to have filed "reactive litigation" because the state court action had not yet commenced. *Id*. The district court rejected that argument, holding that the absence of a parallel action was not dispositive, and concluded that Travelers' federal court action was reactive. *Id*.

What occurred in *Travelers Indem.* is exactly what occurred here. Kinsale filed this action shortly after it told Fairwinds it would deny coverage and Fairwinds shared its belief that the issue was heading toward "inevitable litigation." Kinsale engaged in a "race to the courthouse," hoping to deny its own insured the state court forum to which it is entitled, and in

- 9 -

which Fairwinds may conveniently join in a single proceeding all of its claims against its insurer as well as those against Broker who, according to Kinsale, failed to procure the coverage it was charged with obtaining. Such forum shopping by Kinsale should not be permitted.

### 3. A dismissal will avoid duplicative litigation.

The final *Brillhart* factor seeks to avoid duplicative litigation. This Court would be endorsing duplicative litigation if it does not dismiss this declaratory relief action. The State Action will determine the exact same issues that are raised in this suit. Where the state and federal claims are "inherently intertwined" in this way, a dismissal is indicated.

> If there are parallel state court proceedings involving the same issues and parties … there is a presumption that the entire suit should be heard in state court. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Travelers Indem.*, 2020 U.S. Dist. LEXIS 167738, at *42-43 (quoting *Dizol*, 133 F.3d at 1225 and *Brillhart*, 316 U.S. at 495). To proceed in this action and adjudicate the same facts and same issues as those in the State Action would subject Fairwinds to a risk of inconsistent outcomes (especially considering the separate claims involving Broker, *see* Section III.B.1, *infra*). Where duplicative litigation runs the risk of providing inconsistent factual findings and judgments, dismissing these proceedings under *Brillhart* is particularly appropriate. *See*, *e.g.*, *OneBeacon Ins. Co. v. Parker*, 2009 U.S. Dist. LEXIS 88043, at *15 (E.D. Cal. Sep. 9, 2009).

## B.  The *Dizol* Factors Also Favor A Dismissal Of Proceedings.

In addition to the *Brillhart* factors, all of which weigh in favor of dismissing this proceeding, the Ninth Circuit also looks to the *Dizol* factors. *Dizol*, 133 F.3d at 1225 n.5. Like the *Brillhart* factors, the *Dizol* factors also all weigh in favor of dismissal.

### 1. Proceeding here would not settle all aspects of the controversy.

Even if this declaratory relief action were to proceed and be resolved, disputes would still remain between and among Fairwinds, its Broker, and Producers. In fact, any resolution of the issues raised in this action could only serve to complicate the State Action, because of the aforementioned risk to Fairwinds of inconsistent adjudications and collateral estoppel. This

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

factor favors dismissal.

### 2. This declaratory action will not clarify the legal relations at issue.

This declaratory action will not clarify all of the legal issues between Fairwinds, Kinsale, the Broker, and Producers. Even if this action went forward, Fairwinds' claims against the others not party to this proceeding would remain. This factor favors dismissal.

### 3. This action was initiated for purposes of procedural fencing.

As noted above, Kinsale initiated this action in a race to the courthouse, in an effort to forum shop and deny its insured a state court forum. This factor favors dismissal.

### 4. Dismissal is necessary to avoid excessive entanglement.

Dismissal is warranted to avoid excessive entanglement where a declaratory relief action raises factual issues pending in a state court action. A Court should not entertain an insurer's declaratory action where it might thereby "interject itself into the fact finding process already under way in state court…. Embarking on the same or substantially similar factual inquiries in federal court … would be inappropriate." *National Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1123-24 (D. Alaska 1998). For all of the reasons discussed, *supra*, adjudicating this declaratory relief action would result in undue entanglement between the federal and state courts and run the risk of inconsistent results. This additional factor weighs in favor of dismissal.

### 5. Matters of convenience weigh in favor of dismissal.

If this action were to proceed, any possible benefit would be outweighed by the burden on Fairwinds of simultaneously litigating the State Action and this declaratory relief action. Even where an action might otherwise clarify legal relations among the parties, the Court must be mindful of "the price of that clarification, which is calculated in terms of 'judicial administration, comity, and fairness to the litigants.'" *Bituminous Cas. Corp. v. Kerr Contractors, Inc.*, 2010 U.S. Dist. LEXIS 62616, at *18-19 (D. Or. Jun. 22, 2010) (citing *Chamberlain*, 931 F.2d at 1367). *See also*, *TIG Ins. Co. v. Haseko Homes, Inc.*, 2011 U.S. Dist. LEXIS 8084, at **53-54 (D. Haw. Jan. 26, 2011) (any clarity rendered by federal court judgment outweighed by burden of requiring parties simultaneously to litigate in two courts; risks of inconsistent judgments, piecemeal litigation, and entanglement required abstention).

Moreover, Kinsale would suffer no detriment if this action is dismissed, as its rights and obligations under the Excess Policy can be adjudicated in the State Action. *See Hanover Ins. Co. v. Mason McDuffie Real Estate, Inc.*, 2016 U.S. Dist. LEXIS 173025, at *10 (N.D. Cal. Dec. 14, 2016) (prejudice also depends on insurer prevailing in the coverage action; doubt should be resolved in favor of insured). This final factor favors dismissal.

### IV. CONCLUSION

Fairwinds respectfully requests that the Court dismiss this action. The Declaratory Judgment Act vests this Court with strictly discretionary authority to hear actions such as this one, for a declaration regarding scope of insurance coverage. *Brillhart* and *Dizol* and their progeny provide the strongest possible support for a dismissal of these proceedings.

At minimum, this Court should stay this action pending resolution of the State Action.

Dated: September 9, 2021                SHARTSIS FRIESE LLP

                                        */s/ Anthony B. Leuin*
                                        By: ANTHONY B. LEUIN

                                        Attorneys for Defendant
                                        FAIRWINDS ESTATE WINERY, LLC

9048070

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

- 12 -
Case No.
3:21-cv-05968-WHO
DEFENDANT'S NTC OF MTN & MTN TO DISMISS/STAY PROCEEDINGS; MPA ISO MTN