UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWINDS ESTATE WINERY LLC,<br><br>Defendant. | Case No. 3:21-cv-05968-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Defendant Fairwinds Estate Winery LLC ("Fairwinds") owns a winery that was damaged by the Glass Fire and partially insured by plaintiff Kinsale Insurance Company ("Kinsale"). Kinsale filed this suit seeking declaratory judgment that it does not owe anything for the losses. Soon after, Fairwinds filed suit in state court for breach of contract based on the same facts and Kinsale removed it to this Court. In a separate order, I remand the other case to state court. Fairwinds now seeks to dismiss this case. Oral argument is unnecessary and the hearing is VACATED. The motion to dismiss is GRANTED. Because the state-court case will proceed, declining jurisdiction under the Declaratory Judgment Act is appropriate to avoid two lawsuits litigating the same issues in different court systems.

**BACKGROUND**

Fairwinds owns and operates a winery in Calistoga, California. Complaint ("Compl.") [Dkt. No. 1] ¶ 7. It possessed a primary property insurance policy (the "Primary Policy") issued by non-party Beazley Insurance Services ("Beazley"), which had a coverage limit of $8,3100,000. *Id.* ¶¶ 17, 20. It also possessed an excess property insurance policy (the "Excess Policy") from Kinsale that lasted from August 1, 2020, to May 1, 2021. *Id.* ¶ 18. That Excess Policy provided additional coverage above the Primary Policy up to $2,060,831. *Id.* ¶ 19.

On September 27, 2020, the Glass Fire, a large wildfire, burned through swathes of Napa and Sonoma counties. *Id.* ¶¶ 13–16. It destroyed the winery's main building and tasting room and damaged many other areas. *Id.* ¶¶ 13, 15–16. Fairwinds submitted a claim to Beazley, which paid to the limit of $8,310,000. *Id.* ¶ 17. Kinsale argues that the Excess Policy's "Statement of Values"—a document that delineates the value of various parts of the winery, *see id.* ¶ 9—limited the value of the destroyed property to approximately $4.5 million, which Beazley had already paid. *See, e.g.*, *id.* ¶¶ 29–32.

On August 2, 2021, Kinsale filed suit in this court against Fairwinds, seeking declaratory judgment that it was not obligated to pay under the Excess Policy. On September 3, 2021, Fairwinds filed suit in state court against Kinsale and other parties, including the insurance broker (the "State Case"). *See* Case No. 3:21-cv-07678. Kinsale removed the State Case to this court on September 30. I related the two cases. Dkt. No. 20. In a separately filed order, I remand the State Case to state court for lack of subject matter jurisdiction.

**LEGAL STANDARD**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The district court must first determine whether there is an actual case or controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The court must then decide whether to exercise that jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143–44 (9th Cir. 1994). "The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court '*may* declare the rights . . . of any interested party.' " *Id.* (quoting 28 U.S.C. § 2201(a)) (alteration in original).

In determining whether to exercise declaratory-judgment jurisdiction, the court analyzes "the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). Those factors are "avoid[ing] needless determination of state law issues," "discourag[ing] litigants from filing

declaratory actions as a means of forum shopping," and "avoid[ing] duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). They are "not exhaustive," and the Ninth Circuit has also "suggested" considering "whether the declaratory action will settle all aspects of the controversy; . . . serve a useful purpose in clarifying the legal relations at issue; . . . is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or . . . will result in entanglement between the federal and state court systems." *Id.* at 1225 n.5. And "the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Id.*

## DISCUSSION

Fairwinds moves to dismiss or stay this case so that the State Case can proceed in state court. *See generally* Motion to Dismiss ("Mot.") [Dkt. No. 13]. For the reasons that follow, I will decline jurisdiction under the Declaratory Judgment Act and dismiss the case without prejudice. I note at the outset that much of Kinsale's argument for keeping jurisdiction depends on the assumption that I would not remand the State Case. Because the State Case has been remanded, there are not many good arguments for keeping jurisdiction.

I begin with the *Brillhart* factors, the "philosophic touchstone" of the inquiry. *Dizol*, 133 F.3d at 1225.[1] First, dismissing this case would "avoid[] duplicative litigation." *Id.* The State Case will resolve the issue in this case. While this case is wrapped in the garb of the Declaratory Judgment Act, the core legal issue to be decided is what was owed under the Policy. That issue will be decided in the State Case via a breach-of-contract claim and any counterclaims. There is, therefore, a risk of inconsistent rulings by this Court and the state court. The State Case will also settle an issue arising from the same facts that this case does not: the liability of the insurance broker for professional negligence. *See* Case No. 3:21-cv-07678, Dkt. No. 2, Ex. A.

It also appears plausible that dismissing this case would "avoid[] needless determination of state law issues." *Id.* Fairwinds argues that its theory—that the limits in a statement of value

---

[1] There is no dispute that an Article III case or controversy underlies the declaratory judgment claims: an insurer and insured dispute whether coverage is required under an insurance policy for a particular injury and diversity jurisdiction exists. I move directly to the issue of discretion.

3

cannot overcome the top-line policy amount—is not based on any explicit state-court holding. Kinsale's brief does not dispute this point; its arguments touching on this are just generalities about the competence of federal courts to adjudicate issues of state law. *See* Opposition to the Mot. ("Oppo.") [Dkt. No. 19] 4–5. Perhaps the issue will be a relatively straightforward application of established contract and insurance doctrines. Perhaps not. But Fairwinds has put forward a colorable argument of unresolved issues of state law and Kinsale has not rebutted it.

The forum-shopping and "res judicata advantage" factors also favor dismissal. *Dizol*, 133 F.3d at 1225 & n.5. This may seem an odd conclusion as this case was filed before the State Case. In some circumstances, that would be significant because it would signal that the state-court litigant is the one attempting to either forum shop or secure a "res judicata advantage." On these facts, however, I am not concerned about that. Kinsale sued after *Fairwinds* initiated the coverage process and Kinsale denied it. There is little doubt that Fairwinds's pre-litigation wheels were already spinning, even if it had not yet filed suit. Kinsale's suit is not a normal proactive insurance suit (of the kind, for instance, often filed by insureds when they believe insurance contracts are violated). Indeed, the Ninth Circuit has explicitly held *in the context of declaratory actions by insurers* that "[r]eactive litigation can occur in response to a claim an insurance carrier believes to be not subject to coverage even though the claimant has not yet filed his state court action: the insurer may anticipate that its insured intends to file a non-removable state court action, and rush to file a federal action before the insured does so." *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1220. This sort of reactive litigation rings declaratory-judgment alarm bells. *See id.* And courts have refused to exercise jurisdiction in similar circumstances. *See Travelers Indem. Co. of Connecticut v. Newlin*, No. 20CV765-GPC(DEB), 2020 WL 5517591, at *11 (S.D. Cal. Sept. 14, 2020). To be sure, not every suit of this kind by an insurer seeking to avoid coverage is impermissibly reactive, but it appears more likely than not that this one is.

The non-*Brillhart* factors are either neutral or favor dismissal. While the declaratory action may "settle all aspects," *Dizol*, 133 F.3d at 1225 n.5, of *this* suit, it would still leave unresolved the question of the broker's liability—a question that is closely related to Kinsale and

4

Fairwinds's dispute.[2] The State Case, in contrast, will settle the entire universe of liability stemming from these facts. And while a declaratory judgment may help "clarify[] the legal relations at issue," *id.*, it again would not address the broker and may create an inconsistent outcome from the one reached by the state court. For the reasons explained above in discussing the duplicative-litigation factor, this case proceeding would excessively entangle the state and federal systems—and potentially set them on a collision course. *See id.* And when it comes to convenience, *id.,* it is surely more convenient to litigate in one forum than two.

The most important considerations counsel permitting the State Case to run to its conclusion rather than letting two parallel actions proceed in two different court systems. No factor favors maintaining the action. Accordingly, I will grant the motion to dismiss.

## CONCLUSION

The motion to dismiss is GRANTED; this case is DISMISSED without prejudice. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: November 23, 2021

William H. Orrick
United States District Judge

---

[2] Fairwinds argues that this case will only settle whether Fairwinds was owed more under the policy or not, leaving other issues for another day. It seems, however, that Kinsale is correct that any other claims *against it* would have to be raised as compulsory counterclaims, so they would be dealt with in the suit too. *See* Fed. R. Civ. P. 13(a). But that does not mean that the connected issue of broker liability would be settled by this suit (and Kinsale makes no argument that the broker would have to be joined).